# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DONALD ALLEN GOSNEY**, | Case No. 6:21-cv-1511-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **OREGON DEPARTMENT OF CORRECTIONS**, an agency of the State of Oregon**; DR. WARREN ROBERTS; DR. THOMAS BRISTOL; SERGEANT M. REAL; DR. GARTH GULICK; DR. BRIAN HEMPHILL; KELCIE MAIN; MARICA VENTURA; JANE DOE #1** (DSU-release Housing Assignment Officer-name not known); **JOHN AND JANE DOES 2-20**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff, an inmate at the Snake River Correctional Institution (SRCI), brings this civil rights action *pro se* against the Oregon Department of Corrections (ODOC) and several individual defendants who are state employees. Before the Court is Defendants' partial motion to dismiss, seeking dismissal of the claims asserted against ODOC under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendants argue that Plaintiff's claims against ODOC are barred by state sovereign immunity under the Eleventh Amendment.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quotation marks omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either "facial" or "factual." *See Safe Air for Everyone*, 373 F.3d at 1039. A facial attack on subject matter jurisdiction is based on the assertion that the allegations contained in the complaint are insufficient to invoke federal jurisdiction. *Id.* "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). When a defendant factually challenges the plaintiff's assertion of jurisdiction, a court does not presume the truthfulness of the plaintiff's allegations and may

consider evidence extrinsic to the complaint. *See Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012); *Robinson*, 586 F.3d at 685; *Safe Air for Everyone*, 373 F.3d at 1039. A factual challenge "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) (citation and quotation marks omitted).

Plaintiff specifically names ODOC as a defendant in the title of his first and second claims for relief under 42 U.S.C. § 1983, and discusses ODOC in the allegations themselves. Plaintiff names the State of Oregon as a defendant in the title of his third, fourth, and fifth claims for relief, but then discusses ODOC in the allegations themselves.[1] Thus, construing Plaintiff's *pro se* filing liberally, as the Court must, it appears that Plaintiff alleges all of his claims against ODOC.

The Supreme Court has interpreted the Eleventh Amendment generally to prohibit a citizen from suing a state in federal court. *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669-70 (1999). Supreme Court case law establishes that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011). State sovereign immunity extends to state agencies and departments, which are arms of the state. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Stoner v. Santa Clara Cty. Off. of Educ.*, 502 F.3d 1116, 1122 (9th

---

[1] The State of Oregon is not a named defendant in this case, although Plaintiff has named ODOC as "OREGON DEPARTMENT OF CORRECTIONS, an agency of THE STATE OF OREGON."

Cir. 2007) (discussing the "well-established Eleventh Amendment principle that a governmental entity may be an arm of the state protected by sovereign immunity").

The State of Oregon has not waived its sovereign immunity from suit in federal court. State prisons are considered state agencies for purposes of the Eleventh Amendment. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969). Because ODOC is immune from suit in this Court, Plaintiff's claims against ODOC must be dismissed. *See, e.g.*, *Eaton v. Two Rivers Correction Inst. Grievance Coordinator Enyon*, 2020 WL 7364975, at *6 (D. Or. Dec. 15, 2020) (dismissing claims against ODOC based on Eleventh Amendment immunity); *Thunderbird v. Or. State Dep't of Corr.*, 2011 WL 2971798, at *8 (D. Or. June 28, 2011) (same).

## CONCLUSION

The Court GRANTS Defendants' Partial Motion to Dismiss (ECF 10). The Court dismisses Plaintiff's claims against ODOC without prejudice, but without leave to amend in this Court.

**IT IS SO ORDERED**.

DATED this 30th day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge